UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ARTHUR D. STUBBS, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 15-1129 |
| | ) | |
| LAW OFFICE OF HUNTER C. PIEL, LLC, *et al.*, | ) ) | |
| | ) | |
| Defendants. | ) | |

FILED
DEC 0 1 2015
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

MEMORANDUM ORDER
December 1st, 2015 [#3, #6]

Plaintiffs Dr. Arthur D. Stubbs and Ms. Shellie J. Stubbs (together "plaintiffs") bring this action against The Law Office of Hunter C. Piel, LLC and the Harbor Bank of Maryland (together "defendants"), seeking to halt the foreclosure of certain commercial real estate based on allegations of "wrongful foreclosure" and "willful fraud." *See generally* Verified Compl. [Dkt. #1] ("Compl."). Defendants have moved separately to dismiss this case for failure to state a claim upon which relief can be granted. *See* Def. The Law Office of Hunter C. Piel, LLC's Mot. to Dismiss [Dkt. #3] ("Piel's Mot."); Def. Harbor Bank of Maryland's Mot. to Dismiss [Dkt. #6] ("Harbor Bank's Mot."). For the following reasons, defendants' motions are GRANTED.

Although plaintiffs' legal basis for challenging the foreclosure at issue is far from clear, the complaint taken together with defendants' motions to dismiss elucidate the

pertinent facts. In broad terms, this case concerns the consequences of plaintiffs' March 2014 default on two commercial loans extended to plaintiffs and their business, Lake Arbor Dental Associates, P.C. of D.C. ("Lake Arbor Dental"), by defendant Harbor Bank of Maryland ("Harbor Bank") in 2012. *See* Harbor Bank's Mot. 1-2. Specifically, on January 30, 2012, plaintiffs jointly executed an $890,000 promissory note payable to Harbor Bank for a commercial loan. Def. Harbor Bank of Maryland's Mem. of Law in Supp. of Mot. to Dismiss [Dkt. #6-1] ("Harbor Bank's Mem.") Ex. 1 [Dkt. #6-2]; *see also* Compl. 20-23. In connection with this loan, Lake Arbor Dental executed a commercial guaranty of repayment. *See* Harbor Bank's Mem. Ex. 3 [Dkt. #6-4]. On September 28, 2012, Harbor Bank extended an additional $300,000 commercial loan to Lake Arbor Dental as borrower, with both plaintiffs serving as guarantors. *See* Harbor Bank's Mem. Exs. 5, 6 [Dkts. #6-6, #6-7]; Compl. 20-23. As additional security for the repayment of these loans, plaintiffs provided deeds of trust on commercial real estate located at 411 8th Street, Southeast, Washington, D.C. (the "Property"), which is the location where Dr. Stubbs conducts and operates a dental practice. *See* Compl. Exs. A, B; *see also* Harbor Bank's Mem. 1. Those deeds of trust were duly recorded among the District of Columbia Recorder of Deeds. Harbor Bank's Mem. Ex. 2 at 1 [Dkt. #6-3].

Plaintiffs ultimately defaulted on both of these loans, and in March 2014, Harbor Bank filed an action in the Circuit Court for Harford County, Maryland seeking a judgment by confession against plaintiffs and Lake Arbor Dental, consistent with the terms of the two loans. Harbor Bank's Mem. 4. On March 24, 2014, that court entered confessed judgments as requested. Harbor Bank's Mem. Ex. 7 [Dkt. #6-8]. Those

2

judgments were subsequently recorded in D.C. Superior Court in September 2014. Harbor Bank's Mem. 1. That same month, Harbor Bank commenced foreclosure upon the Property. Plaintiffs responded by filing a lawsuit in D.C. Superior Court, requesting a preliminary injunction against foreclosure. Harbor Bank's Mem. 4. In response, Harbor Bank agreed to stay foreclosure proceedings for a 45-day period to allow plaintiffs to secure alternate financing. *See* Harbor Bank's Mem. Ex. 8 [Dkt. #6-9]. Despite their failure to comply with this deadline, Harbor Bank gave plaintiffs a second chance—entering a Forbearance Agreement whereby plaintiffs acknowledged their default but were given until May 31, 2015 to pay off their debts. Harbor Bank's Mem. Ex. 2. Yet again, plaintiffs failed to repay their debts. As such, Harbor Bank proceeded to foreclose upon the Property in July 2015 and a foreclosure sale occurred on July 16, 2015. Harbor Bank's Mem. 5. That same day, plaintiffs filed suit in this Court on claims of "willful fraud" and "wrongful foreclosure" in relation to the two commercial loans, the March 2014 confessed judgments, and the current foreclosure of the Property. *See generally* Compl. In short, this action appears to be a last ditch effort by plaintiffs to avoid the legal consequences of their admitted default.

Defendants separately moved to dismiss this action in its entirety on August 6, 2015, *see* Piel's Mot., and August 11, 2015, *see* Harbor Bank's Mot. Although plaintiffs timely responded to these motions on August 20, 2015 [Dkts. #7, #8], this Court, on October 19, 2015, advised plaintiffs of their obligations under the Federal Rules of Civil Procedure and the local rules of this Court, and specifically warned plaintiffs that, if they did not oppose the arguments made within defendants' motions, the Court may treat those

3

arguments as conceded, *see* Oct. 19, 2015 Order 2 [Dkt. #19]. As such, the Court afforded plaintiffs an additional thirty days to supplement their opposition to defendants' motions to dismiss. Oct. 19, 2015 Order 3. On November 13, 2015, plaintiffs filed supplemental memoranda in opposition to defendants' motions. *See* Pls.' Mems. of P. & A. in Opp'n to Mots. to Dismiss [Dkts. #21, #23].

Under Local Civil Rule 7(b), if a party fails to file a memorandum of points and authorities in opposition to a dispositive motion by the deadline set by the Court, "the Court may treat the motion as conceded." LCvR 7(b); *see FDIC v. Bender*, 127 F.3d 58, 67-68 (D.C. Cir. 1997) (upholding the treatment of the plaintiff's summary judgment motion as conceded because the defendant filed its opposition late). Furthermore, "[i]t is understood in this Circuit that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded." *Buggs v. Powell*, 293 F. Supp. 2d 135, 141 (D.D.C. 2003); *see also Rosenblatt v. Fenty*, 734 F. Supp. 2d 21, 22 (D.D.C. 2010) ("[A]n argument in a dispositive motion that the opponent fails to address in an opposition may be deemed conceded.").

In this case, despite two opportunities to oppose defendants' motions to dismiss, plaintiffs have wholly failed to respond to any of defendants' arguments in favor of dismissal. In its motion to dismiss, defendant The Law Office of Hunter C. Piel, LLC argues that plaintiffs simply failed to set out any cognizable claim in their complaint, pointing out that (1) plaintiffs have no legal basis to collaterally attack the confessed judgment entered by the Circuit Court for Harford County, Maryland, (2) plaintiff does

4

not have a claim under the Fair Debt Collections Practices Act, 15 U.S.C. § 1692g because it does not apply to commercial loans, (3) defendant was not required to execute the deeds of trust such that its failure to do so somehow makes those documents defective, and (4) plaintiffs arguments regarding the nature of credit and money are frivolous. Def. The Law Office of Hunter C. Piel's Mem. in Supp. of Mot. to Dismiss 7-10 [Dkt. #3-1]. Defendant Harbor Bank likewise argues that plaintiffs have failed to adequately allege "willful fraud" in connection with the confessed judgment entered by the Circuit Court for Harford County, Maryland and offer nothing more that conclusory statements to support their claim for wrongful foreclosure. Harbor Bank's Mem. 7-8.

Plaintiffs' initial responses to defendants' motions, as well as their supplements thereto, do not address the substance of any of the specific arguments defendants raise. Rather, plaintiffs focus on attacking- the nature and form of defendants' filings.[1] Therefore, the Court will treat defendants' motions to dismiss as conceded and dismiss this case. *See Cummings ex rel. J.C. v. Woodson Senior High Sch.*, 563 F. Supp. 2d 256, 259 (D.D.C. 2008) (dismissing claims where "[t]he brief [plaintiff's counsel] filed . . . is filled with irrelevant legal principles and citations . . . , and does not address the substance of defendants' arguments as to why plaintiffs' claims under the IDEA should be dismissed").

---

[1] Plaintiffs appear to erroneously believe that counsel are not permitted to file pleadings on behalf of their clients because pleadings must be "verified" by a witness.

5

For the foregoing reasons, it is hereby

**ORDERED** that defendant The Law Office of Hunter C. Piel, LLC's Motion to Dismiss [Dkt. #3] is **GRANTED** as **CONCEDED**; it is further

**ORDERED** that defendant Harbor Bank of Maryland's Motion to Dismiss [Dkt. #6] is **GRANTED** as **CONCEDED**; it is further

**ORDERED** that all other pending motions are **DENIED** as **MOOT**; and it is further

**ORDERED** that this case is dismissed.

**SO ORDERED**.

_____
RICHARD J. LEON
United States District Judge